# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KENNETH ZINK,**
**D.O.C. # 360229,**

    **Plaintiff,**

vs.                            Case No. 4:22cv022-WS-MAF

**SGT. CONSUELA ROBINSON,**

    **Defendant.**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was recently granted leave to proceed in forma pauperis. ECF Nos. 2, 4. Initially, Plaintiff was assessed an initial partial filing fee of $1.66, ECF No. 4, but Plaintiff subsequently demonstrated that he has had a zero account balance for the past several months and had not intentionally depleted his account, Plaintiff was permitted to proceed without payment of the assessed initial partial filing fee. ECF No. 6. Nevertheless, Plaintiff was required to submit a signed Prisoner Consent Form. ECF Nos. 4, 6. Plaintiff still has not done so. Instead, Plaintiff submitted another in forma pauperis motion. ECF No. 8.

That motion is denied as moot. The Clerk of Court shall send to Plaintiff another copy of the Prisoner Consent Form (which is included in the prisoner IFP application packet). Plaintiff must sign that Form and return it to the Clerk of this Court no later than **April 22, 2022**.

Plaintiff also filed a first amended complaint [hereinafter "complaint"]. ECF No. 7. Plaintiff's complaint has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff alleges that on October 12, 2021, Defendant Robinson gave Plaintiff permission to leave the dorm and attend a call out. *Id.* at 5. However, as Plaintiff started out, Defendant used "her foot on Plaintiff's walker" and "shoved him backwards into the officers station, causing him to stumble." *Id.* Plaintiff contends that if was not for his walker, he would have fallen. *Id.* Plaintiff contends that he did nothing to warrant that abusive behavior and asserts an Eighth Amendment claim against the Defendant for cruel and unusual punishment." *Id.* at 5, 7. Plaintiff claims that such "abuse of an elderly disabled adult using a walker" violates "contemporary standards of decency." *Id.* As relief, Plaintiff seeks ten thousand dollars in punitive damages and to have Defendant's employment terminated as "an example to other officers." *Id.* at 7.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). After incarcerating an individual, the State must provide for the prisoner's basic human needs - food, clothing, shelter, medical care, and reasonable safety." Helling, 509 U.S. at 32, 113 S. Ct. at 2480. "Contemporary standards of decency require no less." 509 U.S. at 32, 113 S. Ct. at 2480. The Eighth Amendment does not permit inhumane conditions in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). For example, it prohibits the use of excessive physical force and the "unnecessary and wanton infliction of pain." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977.

However, the Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400, 69 L.Ed.2d 59 (1981) (quoted in Farmer, 511 U.S. at 832, 114 S. Ct. at 1976). An unjustified push or shove does not mean that a prison official has violated the Eighth Amendment. Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010) (noting that "[a]n inmate who complains of a " 'push or shove' " that causes no discernible injury

almost certainly fails to state a valid excessive force claim"). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992).

The Constitution "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. 327, 332, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986). To violate the Constitution, a use of excessive and unjustified force must be "inconsistent with contemporary standards of decency" and "'repugnant to the conscience of mankind.'" Whitley v. Albers, 475 U.S. 312, 327, 106 S. Ct. 1078, 1088, 89 L. Ed. 2d 251 (1986) (citing to Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

The Supreme Court has explained that "a prison official violates the Eighth Amendment only when two requirements are met." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977. First, the "deprivation alleged must be, objectively, 'sufficiently serious,'" and second, the prison official must have had a "sufficiently culpable state of mind." 511 U.S. at 834, 114 S. Ct. at 1977. "Eighth Amendment liability requires 'more than ordinary lack of due

care for the prisoner's interests or safety.'" <u>Whitley</u>, 475 U.S. at 319, 106 S. Ct. at 1084 (quoted in <u>Farmer</u>, 511 U.S. at 835, 114 S. Ct. at 1978). "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" 511 U.S. at 837, 114 S. Ct. at 1979. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S. Ct. 1078, 1084, 89 L. Ed. 2d 251 (1986)

     Here, Plaintiff has alleged that a correctional officer stuck out her foot and shoved his walker. It may be inferred that she did so intentionally. Such conduct is juvenile and childish, but is not "repugnant to the conscience of mankind." Plaintiff apparently tripped backwards, but he did not fall down. He did not suffer any injury. There is no suggestion that this conduct was intended as punishment. Although force was used, there is no indication that this was excessive. In short, this is not a "sufficiently serious" incident to cross the threshold as a violation of the Eighth Amendment. Thus, the complaint should be dismissed for failure to state a claim.

Case No. 4:22cv022-WS-MAF

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court shall send Plaintiff a copy of the Prisoner Consent Form (included in the prisoner IFP application packet).

2.  Plaintiff has until **April 22, 2022**, in which to file a signed Prisoner Consent Form.

3.  Plaintiff's successive in forma pauperis motion, ECF No. 8, is **DENIED as moot**.

4.  Plaintiff shall immediately file a notice to the Clerk's Office in the event of an address change, transfer, or release from custody.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note

on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 31, 2022.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**